**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1645

In re: E.W.,

Petitioner.

On Petition for Writ of Mandamus.
Ellen L. Hollander, District Judge.  (1:13-cr-00043-ELH)

Submitted:  May 22, 2017                    Decided:  May 25, 2017

Before WILKINSON, MOTZ, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Victor Stone, Russell P. Butler, MARYLAND CRIME VICTIMS' RESOURCE CENTER, INC., Upper Marlboro, Maryland, for Petitioner.  Stephen M. Schenning, Acting United States Attorney, Matthew P. Phelps, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted E.W.'s grandparents John and Joeann Wharton (defendants) of numerous offenses relating to their improper receipt of Social Security benefits. The district court sentenced each defendant to pay restitution to both the Social Security Administration (SSA) and to various family members, including E.W., on whose behalf the defendants misappropriated the benefits. In lieu of paying the Whartons the benefits they would otherwise receive, the SSA has recouped those benefits to correct for its previous overpayment to them. Because the Whartons receive no other income, E.W. has not received any restitution payments.

E.W. filed a motion to adjust the schedule of restitution payments, pursuant to the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3664(k). After receiving briefing from both E.W. and the Government, the district court issued a thorough written opinion denying the motion. *United States v. Wharton*, No. ELH-13-0043, 2017 WL 1862466 (D. Md. May 8, 2017). E.W. then filed this petition for a writ of mandamus, pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771.

The district court noted several bases on which to deny E.W.'s motion. It held, for example, that 42 U.S.C. § 404(a)(1), as well as regulations SSA has promulgated pursuant to that statute, "authorize SSA to withhold defendants' social security benefits, 'independent of this criminal action,' to recover overpayments of benefits under the circumstances of this case." *Wharton*, 2017 WL 1862466, at * 8 (quoting *United States v. Skrine*, No. 1:10-CR-444-WSD, 2015 WL 3932422, at * 2 (N.D. Ga. June 25, 2015)). And, it continued, individuals may only challenge SSA recovery procedures through the

2

mechanism described in 42 U.S.C. § 405(g), and not via the MVRA. *Wharton*, 2017 WL 1862466, at *10. The court also noted that even though "SSA['s recoupment of the Whartons' benefits] adversely affects defendants' ability to pay restitution," there was "no fatal conflict between the Social Security Act and its enabling regulations regarding recoupment, and criminal restitution statutes, such as the MVRA. This is because SSA recoups overpayments, not restitution." *Id.* at *13.

We find that the district court correctly applied the law in denying E.W.'s motion. Accordingly, we deny E.W.'s petition for mandamus.

*PETITION DENIED*